TOATOLU of Siufaga, TIGILAU of Siufaga, and
ULUVALU NUA of Ta'u, Plaintiffs

v.

LAUMEA of Siufaga, Defendant

No. 51-1961

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai Title: "Nua" of Siufaga]

November 9, 1961

Lolo, Counsel for Toatolu.
Aumoeualogo, Counsel for Laumea.

OPINION OF THE COURT

MORROW, *Chief Judge.*

Laumea filed his application to be registered as the holder of the matai title Nua attached to the Village of Siufaga in Ta'u, Manua. Toatolu, Tigilau, and Uluvalu Nua each filed an objection to the proposed registration, each of them becoming a candidate for the name. Hence this litigation. See Section 932 of the A. S. Code.

When the hearing began, both Tigilau and Uluvalu Nua withdrew their respective objections and ceased to be candidates.

Section 926 of the A. S. Code as amended prescribes the qualifications for holding a matai name or title. The evidence established that each of the two remaining candidates, viz. Laumea and Toatolu, possesses the necessary qualifications and is, therefore, eligible for registration as the holder of a matai name or title.

Section 933 of the A. S. Code as amended prescribes the law which the Court shall follow in determining which one of opposing candidates for a matai title or name shall be registered as its holder. It reads as follows:

"Consideration Given by Court: In the trial of matai name cases, the High Court shall be guided by the following in the priority listed:

(a) The best hereditary right in which the male and female de-

224

scendants shall be equal in the family where this has been custom-ary, otherwise, the male descendant shall prevail;

(b) The wish of the majority or plurality of those members of the family related by blood to the title;

(c) The forcefulness, character, personality and capacity for leadership of the candidate;

(d) The value of the holder of the matai name to the Government of American Samoa."

With respect to the issue of hereditary right, the undis-puted evidence establishes that Laumea is the great-grand-son of Nua Aufotu and has $\frac{1}{8}$ Nua blood in his veins, and that Toatolu is the blood-son of Nua Seanoa and has $\frac{1}{2}$ Nua blood in his veins. It follows, therefore, that Toatolu prevails over Laumea on the issue of hereditary right.

Laumea objected to 284 signers on Toatolu's list while Toatolu objected to 295 on Laumea's list.

Toatolu claimed that 295 on Laumea's list were not blood members of the Nua Family. He claimed that they were Mailo Family members instead. Laumea testified that the Mailo title is a lesser matai title in the Nua Family. Toatolu testified that it was not. Laumea is the blood son of the present Mailo who is living on Nua land. While the testimony is conflicting, we think that the evidence pre-ponderates in favor of the view that these 295 persons ob-jected to by Toatolu are blood members of the Nua Family. We believe from the evidence that Mailo is a lesser matai title in the Nua Family.

Laumea claimed that 211 signers on Toatolu's list were not blood members. His claim is grounded upon the further claim that the grandfather of Toatolu, Nua Seanoa, was an adopted child and that his brother Tiula, from whom many of the signers for Toatolu claimed descent, was never a Nua. Toatolu claimed that his grandfather was not adopted and that his brother Tiula was a Nua according to family tradition. There was contradictory evidence on both of these matters. However, if it should be granted that

225

Toatolu's grandfather was an adopted child, it would not follow at all that he did not have Nua blood. Many times a Samoan couple will adopt an aiga who has the blood of one of them. The testimony respecting the claimed adoption was grounded on hearsay and, consequently, not very reliable.

And if Toatolu's grandfather did have Nua blood when he was adopted, if he was adopted, then his brother Tiula would have Nua blood and the brother under those circumstances could well have become a Nua. We know that many times in the olden days that when a chief died his brother succeeded to the title. Taking the testimony as a whole, we think that the weight of evidence favors the view that the 211 objected to by Laumea are blood members of the Nua Family.

There were 32 signers who were on both petitions. Under those circumstances we are unable to say which candidate they really favored. There were six children under 14 years of age who signed for Toatolu. Laumea claimed that 29 signatures on Toatolu's list were forgeries. There was no testimony by an expert on handwriting with respect to this matter. Also, it was claimed that six on Toatolu's list purported to sign in Ta'u when they were in Tutuila. However, a Ta'u man signing in Tutuila could well have given his village as Ta'u, considering that to be his home. We think that there should be deducted from Toatolu's list of 396 signers the 32 who signed on both petitions. That leaves 364. If we take off the six under 14 years of age, that leaves 358.

It is clear to us from an examination of p. 3 in Toatolu's petition that if there were some forgeries there, the total number is considerably less than 29. However, if it be conceded that Laumea is correct in claiming that the 29 signatures were forged and that the six who purported to sign in Ta'u when they were actually in Tutuila were improp-

erly on the petition, there would be left on Toatolu's petition 358 less 35 (29 plus 6) or 323.

And having deducted the 32 who signed on both petitions from Toatolu's list, we should do likewise from Laumea's list, which would leave 305 on his list. There are two signers under 14 years of age on Laumea's list. These should be deducted, thereby leaving 303 on his list as against 323 left on Toatolu's list.

As we view the evidence, Toatolu prevails over Laumea on the issue of the wish of the majority or plurality of the blood members of the Nua Family, Toatolu having 323 blood-family members supporting his candidacy while 303 support Laumea. However, we think that a few more than 323 support Toatolu, because we do not think that there are 29 forged signatures on p. 3 of Toatolu's list; also, we do not believe that six of the signers who signed for Toatolu in Tutuila and not Ta'u, though they gave Ta'u as their village, were not blood members. Nevertheless, we have deducted the 29 and six in reaching the figure of 323 for Toatolu.

We find for Toatolu on the issue of the wish of the majority or plurality of those members of the family connected by blood to the title.

Laumea speaks English. He is a graduate of Papatea Junior High School in Ta'u, Class of 1946; also a graduate of the Samoan High School in Utulei, Class of 1951. He has been a teacher for 10 years and has attended ten teachers' institutes, each about two months in length. He has taught in various schools and is now the Principal of Papatea Junior High School, which has an enrollment of over 200 students. As Principal he receives a salary of $1701.20 a year after Social Security deductions. He receives $180 a year as a part-time employee of the United States Post Office Department. He is the part-owner of a store in Ta'u and has an income of $50 to $75 a month from the store.

He sells about $300 worth of copra a year; also from $200 to $300 worth of pigs. He also sells about $50 worth of poultry in a year. He receives contributions from his brothers on the mainland which he turns over to his father Mailo. Laumea has put up a fresh water storage tank in Ta'u from which many people get water. He has plantations. Laumea is 33 years old.

Toatolu speaks English. He graduated from the Papatea School in 1936 and then attended the Marist Brothers School in Tutuila for awhile. He then returned to Ta'u to render service to the Nua title. He is a carpenter and has participated in the building of many Samoan houses. Toatolu was at the head of about 40 carpenters building a Samoan guest house in Aua when this case was being heard. He has travelled in the United States and, of course, spoke English there. Toatolu was selected as a member of the Agricultural Committee in Ta'u. He is a boatbuilder as well as a carpenter. He has an income of about $700 a year from the sale of copra, bananas, and taro. He receives substantial contributions from aiga, some in Samoa, some in the States. However, most of these contributions go to the support of the Aufotu title. He is looking after the Aufotu Family. We understand that Aufotu is a lesser matai title in the Nua Family. Toatolu is 44 years old. In accordance with Samoan customs, Toatolu receives compensation when he builds a house. This may run as high as $500.

During the course of the hearing, the Court had an opportunity to observe the personalities of both candidates.

Our conclusion from the testimony and our observation of the candidates is that Laumea prevails over Toatolu on the issue of forcefulness, character, personality and capacity for leadership, and we so find.

The value of the holder of a matai title to the Government depends in large measure upon his capacity for leadership. In this case, Laumea has demonstrated his capacity

for leadership by the fact that he has been a teacher and has been promoted to the principalship of Papatea Junior High School. He is a law-abiding person and a trusted part-time employee of the U.S. Post Office Department. Toatolu is a carpenter and boatbuilder. We think his capacity for leadership is not as great as that of Laumea. Furthermore, it appears to us from the evidence that Toatolu has been using the matai title Aufotu in violation of law. Everything considered, it is our conclusion that Laumea prevails over Toatolu on the issue of "the value of the holder of the matai name to the Government of American Samoa."

To sum up, we have found that Toatolu prevails over Laumea on the first two issues while Laumea prevails over Toatolu on the last two issues.

Under Section 933 of the A. S. Code, as amended, we must give most weight to the first issue, less to the second issue, still less to the third issue, and the least weight to the fourth issue.

Since Toatolu prevails over Laumea on the first two issues, viz. hereditary right and the wish of the majority or plurality of the blood members of the family, it follows that according to the law we must award the matai title Nua, attached to the Village of Siufaga, to Toatolu.

DECREE

Accordingly, it is ORDERED, ADJUDGED AND DE-CREED that Toatolu shall be registered as the holder of the Nua matai name attached to the Village of Siufaga.

Costs in the sum of $46.00 are hereby assessed against Laumea, the same to be paid within 20 days.